Matter of Avallone (2020 NY Slip Op 00118)





Matter of Avallone


2020 NY Slip Op 00118


Decided on January 8, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2019-01304

[*1]In the Matter of Michael Avallone, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Michael Avallone, respondent. (Attorney Registration No. 1935949)



APPLICATION pursuant to 22 NYCRR 1240.10 by Michael Avallone, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 11, 1984, to resign as an attorney and counselor-at-law.



Gary L. Casella, White Plains, NY (Forrest Strauss of counsel), for petitioner.
Michael Avallone, Eastchester, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The respondent, Michael Avallone, has submitted an affidavit sworn to on August 8, 2019, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is aware of this Court's decision and order on motion dated July 17, 2019, directing the Grievance Committee for the Ninth Judicial District to serve him with a notice of petition and petition pursuant to 22 NYCRR 1240.8(a)(1). The respondent further acknowledges that should the Grievance Committee proceed with serving and filing said verified petition, it would include, inter alia, charges that he: (1) paid personal obligations to his creditors from his attorney escrow account, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0); (2) misappropriated funds on deposit in his attorney escrow account, which he had received incident to his practice of law, in violation of rules 1.15(a) and 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0); (3) released an attorney escrow account check to a third party, at a time when he knew the balance in the attorney escrow account was insufficient to cover that disbursement, in violation of rule 1.15(c) of the Rules of Professional Conduct (22 NYCRR 1200.0); and (4) failed to keep adequate records of the transactional activity in his attorney escrow account for the time period reviewed by the Grievance Committee, in violation of rule 1.15(c)(3) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent avers that he cannot successfully defend himself against the charges and allegations based upon the facts and circumstances of his professional conduct.
The respondent also acknowledges that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent avers that, during the time period [*2]examined by the Grievance Committee, he has disbursed funds on deposit in his attorney escrow account to all parties entitled to receive those funds. Notwithstanding the absence of any restitution to be made, the respondent acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law. In view thereof, on the Court's own motion, the disciplinary proceeding authorized by decision and order on motion of this Court dated July 17, 2019, is discontinued as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the application of the respondent, Michael Avallone, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael Avallone, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Michael Avallone, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael Avallone, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Michael Avallone, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that on the Court's own motion, the disciplinary proceeding authorized by decision and order on motion of this Court dated July 17, 2019, is discontinued as academic.
ENTER:
Aprilanne Agostino
Clerk of the Court